**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ALEXIS MULLEN,<br><br>  1119 Day Street<br>  Philadelphia, PA 19125,<br><br>LAURA ANGELO,<br><br>  4807 Pennington Court<br>  Wilmington, DE 19808,<br><br>  and<br><br>JEFFREY BAUMANN,<br><br>  1648 Bridgewater Drive,<br>  Lake Mary, FL, 32746<br><br>on behalf of themselves and all others similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>WAWA, INC.,<br><br>  260 W. Baltimore Pike<br>  Wawa, Pennsylvania 19063<br><br>  Defendant. | Civil Action No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Alexis Mullen, Laura Angelo, and Jeffrey Baumann ("Plaintiffs"), individually and on behalf of a class of all those similarly situated (the "Class" or "Class Members"), upon personal knowledge of the facts pertaining to Plaintiffs and on information and belief as to all other matters, and upon the investigation conducted by Plaintiffs' counsel, file this civil action against defendant Wawa, Inc. ("Wawa"), and alleges as follows:

## SUMMARY OF THE CASE

1.      On December 19, 2019, Wawa revealed that it had discovered malicious software ("malware") on Wawa payment processing servers.  According to Wawa, "[t]his malware affected customer payment card information used at potentially all Wawa locations beginning at different points in time after March 4, 2019 and until it was contained" on December 12, 2019.

2.      Plaintiffs bring this class action on behalf of a nationwide class (the "Class") against Wawa because of its failure to protect the confidential information of millions of its customers—including credit and debit card numbers, expiration dates, and cardholder names on payment cards (collectively, "Financial Information"). Wawa's wrongful disclosure has harmed Plaintiffs and the Class.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2), because this is a class action in which the matter in controversy exceeds the sum of $5,000,000, there are more than 100 proposed Class Members, and minimal diversity exists as Defendant is a citizen of a state different from that of at least one Class Member.

4.      This Court has personal jurisdiction over Wawa because it is headquartered in this district, registered and regularly conducts business in Pennsylvania, and has sufficient minimum

contacts in Pennsylvania such that Wawa intentionally avails itself of this Court's jurisdiction by conducting operations here and contracting with companies in this District.

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the conduct alleged herein occurred in, were directed to, and/or emanated from this District. Venue is additionally proper because Wawa transacts business and may be found in this District.

## PARTIES

6.      Plaintiff Alexis Mullen is an individual residing in Philadelphia, Pennsylvania, who has been a customer of Wawa, and whose Financial Information, on information and belief, was compromised in the Data Breach described herein.

7.      Plaintiff Laura Angelo is an individual residing in Wilmington, Delaware, who has been a customer of Wawa, and whose Financial Information, on information and belief, was compromised in the Data Breach described herein

8.      Plaintiff Jeffrey Baumann is an individual residing in Lake Mary, Florida, who has been a customer of Wawa, and whose Financial Information, on information and belief, was compromised in the Data Breach described herein.

9.      Defendant Wawa, Inc. ("Wawa") is a privately owned New Jersey corporation with its principal place of business in Wawa, Pennsylvania.

## FACTUAL BACKGROUND

10.     Wawa owns and operates more than 850 convenience retail stores in Pennsylvania, New Jersey, Delaware, Maryland, Virginia, Florida, and Washington, D.C. Wawa is the largest convenience store chain in Greater Philadelphia, and it is also the third-largest retailer of food in Greater Philadelphia.

11.     According to Wawa, "at different points in time after March 4, 2019, malware began running on in-store payment processing systems at potentially all Wawa locations." The malware "was present on most store systems by approximately April 22, 2019." But Wawa did not discover the malware for over nine months after it initially infected Wawa's systems, and did not disclose the Data Breach for over a week after that.

12.     Wawa believes "this malware no longer poses a risk to customers using payment cards at Wawa." However, that assessment does not account for the possibility that Wawa customers whose data has been improperly accessed have been or will be victimized by fraud and/or identity theft resulting from the Data Breach.

13.     Wawa had obligations, arising from promises made to its customers like Plaintiffs and other Class Members, and based on industry standards, to keep the Financial Information confidential and to protect it from unauthorized disclosures. Class Members provided their Financial Information to Wawa with the understanding that Wawa and any business partners to whom Wawa disclosed the Financial Information would comply with their obligations to keep such information confidential and secure from unauthorized disclosures.

14.     Wawa claims it "is fully committed to data security." It further claims to "use security techniques on" its websites, "and through or in connection with our mobile apps or other software- and Internet-enabled programs and services sponsored by Wawa (the 'Sites') to help protect against the loss, misuse or alteration of information collected from [its customers] at the Sites." As Wawa puts it when customers "access [their] account information or transmit personally identifiable data to the Sites, that information is stored on servers that the Sites have attempted to secure from unauthorized access or intrusion. 'Secure Socket Layer' software encrypts personal information [its customers] transmit to the Sites."

3

15. However, Secure Socket Layer ("SSL") encryption protects information only in the course of its transmission, and not upon its storage on Wawa systems. Wawa has disclosed no further detail about its efforts to secure its customers' data prior to the Data Breach.

16. Wawa's security failure demonstrate that it failed to honor its duties and promises by not:

   a. maintaining an adequate data security system to reduce the risk of data breaches and cyber-attacks;

   b. adequately monitoring its system to identify the data breaches and cyber-attacks; and

   c. adequately protecting Plaintiffs' and the Class's Financial Information.

17. Plaintiffs and other Class Members have been injured by the disclosure of their Financial Information in the Data Breach.

18. Wawa's data security obligations and promises were particularly important given the substantial increase in data breaches, which were widely known to the public and to anyone in Wawa's industry.

19. The United States Government Accountability Office noted in a June 2007 report on Data Breaches ("GAO Report") that identity thieves use identifying data such as Social Security Numbers to open financial accounts, receive government benefits and incur charges and credit in a person's name.[1] As the GAO Report states, this type of identity theft is the most harmful because it often takes some time for the victim to become aware of the theft, and the theft can impact the victim's credit rating adversely.

---

[1] *See* U.S. Gov't Accountability Off., GAO-07-737, *Personal Information: Data Breaches Are Frequent, but Evidence of Resulting Identity Theft is Limited; However, the Full Extent Is Unknown* (2007).

20.     In addition, the GAO Report states that victims of identity theft will face "substantial costs and inconveniences repairing damage to their credit records" and their "good name."[2]

21.     Identity theft victims frequently are required to spend many hours and large amounts of money repairing the impact to their credit. Identity thieves use stolen personal information for a variety of crimes, including credit card fraud, phone or utilities fraud, and/or bank/finance fraud.

22.     There may be a time lag between when Financial Information is stolen and when it is used. According to the GAO Report:

> [L]aw enforcement officials told us that in some cases, *stolen data may be held for up to a year or more before being used to commit identity theft*. Further, once stolen data have been sold or posted on the Web, *fraudulent use of that information may continue for years*. As a result, studies that attempt to measure the harm resulting from data breaches cannot necessarily rule out all future harm.[3]

23.     With access to an individual's Financial Information, criminals can do more than just empty a victim's bank account—they can also commit all manner of fraud, including obtaining a driver's license or official identification card in the victim's name but with the thief's picture. In addition, identity thieves may obtain a job, rent a house, or receive medical services in the victim's name. Identity thieves may even give the victim's personal information to police during an arrest, resulting in an arrest warrant being issued in the victim's name.[4]

---

[2] *Id.,* at 2, 9.

[3] *Id.*, at 29 (emphasis added).

[4] *See Warning Signs of Identity Theft*, Federal Trade Commissions, https://www.identitytheft.gov/Warning-Signs-of-Identity-Theft (last accessed July 29, 2019).

24.     Financial Information is such a valuable commodity to identity thieves that once the information has been compromised, criminals often trade the information on the "cyber black-market" for years. As a result of recent large-scale data breaches, identity thieves and cyber-criminals have openly posted stolen credit card numbers, and other Financial Information directly on various Internet websites making the information publicly available.

25.     Indeed, data breaches and identity theft have a crippling effect on individuals and detrimentally impact the entire economy as a whole. Financial databases are especially valuable to identity thieves.

## CLASS ALLEGATIONS

26.     Pursuant to Federal Rules of Civil Procedure 23(b)(2) and (b)(3), Plaintiffs bring this case as a class action on behalf of a Class defined as follows:

> All persons in the United States whose Financial Information was maintained on the servers of Wawa that were compromised as a result of the breach announced by Wawa on  December 19, 2019.

27.     The Class is so numerous that joinder of all members is impracticable. On information and belief, the Class has several million members. Moreover, the disposition of the claims of the Class in a single action will provide substantial benefits to all parties and the Court.

28.     There are numerous questions of law and fact common to Plaintiffs and Class Members. These common questions of law and fact include, but are not limited to, the following:

> d.   Whether Wawa's data security systems prior to the Data Breach complied with all applicable legal requirements;
>
> e.    Whether Wawa's data security systems prior to the Data Breach met industry standards;
>
> f.    Whether Plaintiffs' and other Class members' Financial Information was compromised in the Data Breach; and

g.   Whether Plaintiffs and other Class members are entitled to damages as a result of Wawa's conduct.

29.     Plaintiffs' claims are typical of the claims of the Class's claims. Plaintiffs suffered the same injury as Class Members – *i.e.* upon information and belief, Plaintiffs' Financial Information was compromised in the Data Breach.

30.     Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs have retained competent and capable attorneys with significant experience in complex and class action litigation, including data breach class actions. Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiffs nor their counsel have interests that are contrary to or that conflict with those of the proposed Class.

31.     Wawa has engaged in a common course of conduct toward Plaintiffs and other Class Members. The common issues arising from this conduct that affect Plaintiffs and Class Members predominate over any individual issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

32.      A class action is the superior method for the fair and efficient adjudication of this controversy. Class Members' interests in individually controlling the prosecution of separate actions are low given the magnitude, burden, and expense of individual prosecutions against large corporations such as Wawa. It is desirable to concentrate this litigation in this forum to avoid burdening the courts with individual lawsuits. Individualized litigation presents a potential for inconsistent or contradictory judgments, and also increases the delay and expense to all parties and the court system presented by the legal and factual issues of this case. By contrast, the class action procedure here will have no management difficulties. Wawa's records and the

records available publicly will easily identify the Class Members. The same common documents and testimony will be used to prove Plaintiffs' claims.

33.     A class action is appropriate under Fed. R. Civ. P. 23(b)(2) because Wawa has acted or refused to act on grounds that apply generally to Class Members, so that final injunctive relief or corresponding declaratory relief is appropriate as to all Class Members.

## FIRST COUNT
### Negligence

34.     Plaintiffs reallege and incorporate by reference all preceding factual allegations.

35.     Wawa required Plaintiffs and Class Members to submit non-public Financial Information to pay for goods and services via the Sites.

36.     By collecting and storing this data, and sharing it and using it for commercial gain, Wawa had a duty of care to use reasonable means to secure and safeguard this Financial Information, to prevent disclosure of the information, and to guard the information from theft.

37.     Wawa's duty included a responsibility to implement a process by which it could detect a breach of its security systems in a reasonably expeditious period of time and give prompt notice to those affected in the case of a data breach.

38.     Wawa also owed a duty of care to Plaintiffs and members of the Class to provide security consistent with industry standards and the other requirements discussed herein, and to ensure that its systems and networks and the personnel responsible for them adequately protected their customers' Financial Information.

39.     Only Wawa was in a position to ensure that its systems were sufficient to protect against the harm to Plaintiffs and the members of the Class from a data breach.

40.     Wawa breached its duty by failing to use reasonable measures to protect Plaintiffs' and Class Members' Financial Information.

41.     The specific negligent acts and omissions committed by Wawa include, but are not limited to, the following:

      h.   failing to adopt, implement, and maintain adequate security measures to safeguard Plaintiffs' and Class Members' Financial Information;

      i.   failing to adequately monitor the security of its networks and systems;

      j.   allowing unauthorized access to Plaintiffs' and Class Members' Financial Information; and

      k.   failing to recognize in a timely manner that Plaintiffs' and other Class Members' Financial Information had been compromised.

42.     It was foreseeable that Wawa's failure to use reasonable measures to protect and monitor the security of Financial Information would result in injury to Plaintiffs and other Class Members. Further, the breach of security, unauthorized access, and resulting injury to Plaintiffs and the members of the Class were reasonably foreseeable.

43.     It was therefore foreseeable that the failure to adequately safeguard Financial Information would result in one or more of the following injuries to Plaintiffs and the members of the proposed Class: ongoing, imminent, certainly impending threat of identity theft crimes, fraud, and abuse, resulting in monetary loss and economic harm; actual identity theft crimes, fraud, and abuse, resulting in monetary loss and economic harm; loss of the confidentiality of the stolen confidential data; the illegal sale of the compromised data on the deep web black market; expenses and/or time spent on credit monitoring and identity theft insurance; time spent scrutinizing bank statements, credit card statements, and credit reports; expenses and/or time spent initiating fraud alerts; decreased credit scores and ratings; lost work time; and other economic and non-economic harm.

44.     Accordingly, Plaintiffs, individually and on behalf of all those similarly situated, seek an order declaring that Wawa's conduct constitutes negligence and awarding damages in an amount to be determined at trial.

**SECOND COUNT**
**Negligence Per Se**

45.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

46.     Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45, prohibits "unfair . . . practices in or affecting commerce" including, as interpreted and enforced by the Federal Trade Commission ("FTC"), the unfair act or practice by companies such as Wawa of failing to use reasonable measures to protect Financial Information. Various FTC publications and orders also form the basis of Wawa's duty.

47.     Wawa violated Section 5 of the FTC Act (and similar state statutes) by failing to use reasonable measures to protect Financial Information and not complying with industry standards.

48.     Wawa's violation of Section 5 of the FTC Act (and similar state statutes) constitutes negligence per se.

49.     Class members are consumers within the class of persons Section 5 of the FTC Act (and similar state statutes) was intended to protect.

50.     Moreover, the harm that has occurred is the type of harm the FTC Act (and similar state statutes) was intended to guard against. Indeed, the FTC has pursued over fifty enforcement actions against businesses which, as a result of their failure to employ reasonable data security measures and avoid unfair and deceptive practices, caused the same harm suffered by Plaintiffs and the Class.

51.     As a direct and proximate result of Wawa's negligence, Plaintiffs and Class Members have been injured and are entitled to damages, including compensatory, punitive, and nominal damages, in an amount to be proven at trial.

**THIRD COUNT**
**Breach of Implied Contract**

52.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

53.     When Plaintiffs and Class Members paid money and provided their Financial Information to Wawa in exchange for goods or services, they entered into implied contracts with Wawa pursuant to which Wawa agreed to safeguard and protect such information and to timely and accurately notify them if their data had been breached and compromised.

54.     Wawa solicited and invited prospective customers to provide their Financial Information as part of its regular business practices. These individuals accepted Wawa's offers and provided their Financial Information to Wawa. In entering into such implied contracts, Plaintiffs and the Class assumed that Wawa's data security practices and policies were reasonable and consistent with industry standards, and that Wawa would use part of the funds received from Plaintiffs and the Class to pay for adequate and reasonable data security practices.

55.     Plaintiffs and the Class would not have provided and entrusted their Financial Information to Wawa in the absence of the implied contract between them and Wawa to keep the information secure.

56.     Plaintiffs and the Class fully performed their obligations under the implied contracts with Wawa.

57.     Wawa breached its implied contracts with Plaintiffs and the Class by failing to safeguard and protect their Financial Information and by failing to provide timely and accurate notice that their personal information was compromised as a result of a data breach.

58.     As a direct and proximate result of Wawa's breaches of their implied contracts, Plaintiffs and the Class sustained actual losses and damages as described herein.

## FOURTH COUNT
### District Of Columbia Consumer Security Breach Notification Act, D.C. Code §§ 28-3851, *et seq.*

59.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

60.     Wawa is a business that owns or licenses computerized data that includes "personal information," as defined by D.C. Code § 28-3852(a).

61.     Plaintiffs and Class Members' Financial Information includes "personal information" as defined by D.C. Code § 28-3851(3).

62.     Wawa is required to accurately notify Plaintiffs and Class Members if it becomes aware of a breach of its data security system in the most expedient time possible and without unreasonable delay under D.C. Code § 28-3852(a).

63.     Because Wawa was aware of a breach of its security system, Wawa had an obligation to disclose the data breach in a timely and accurate fashion as mandated by D.C. Code § 28-3852(a).

64.     By failing to disclose the Data Breach in a timely and accurate manner, Wawa violated D.C. Code § 28-3852(a).

65.     As a direct and proximate result of Wawa's violations of D.C. Code § 28-3852(a), Plaintiffs and Class Members suffered damages, as described above.

66.     Plaintiffs and Class Members seek relief under D.C. Code § 28-3853(a), including actual damages.

### FIFTH COUNT
### District Of Columbia Consumer Protection Procedures Act, D.C. Code §§ 28-3904, et seq.

67.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

68.     Wawa is a "person" as defined by D.C. Code § 28-3901(a)(1).

69.     Wawa is a "merchant" as defined by D.C. Code § 28-3901(a)(3).

70.     Plaintiffs and Class Members are "consumers" who purchased or received goods or services for personal, household, or family purposes, as defined by D.C. Code § 28-3901.

71.     Wawa advertised, offered, or sold goods or services in the District of Columbia and engaged in trade or commerce directly or indirectly affecting the people of the District of Columbia.

72.     Wawa engaged in unfair, unlawful, and deceptive trade practices, misrepresentations, and the concealment, suppression, and omission of material facts with respect to the sale and advertisement of goods and services in violation of D.C. Code § 28-3904, including:

  a.   Representing that goods or services have characteristics that they do not have;

  b.   Representing that goods or services are of a particular standard, quality, grade, style, or model, when they are of another;

  c.   Misrepresenting a material fact that has a tendency to mislead;

  d.   Failing to state a material fact where the failure is misleading;

  e.   Advertising or offering goods or services without the intent to sell them as advertised or offered; and

f.  Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

73.  Wawa's unfair, unlawful, and deceptive trade practices include:

a.  Failing to implement and maintain reasonable security and privacy measures to protect Plaintiffs' and Class Members' Financial Information, which was a direct and proximate cause of the Data Breach;

b.  Failing to identify foreseeable security and privacy risks, remediate identified security and privacy risks, and adequately improve security and privacy measures following previous cybersecurity incidents, which was a direct and proximate cause of the Data Breach;

c.  Failing to comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs' and Class Members' Financial Information, including duties imposed by the FTC Act, 15 U.S.C. § 45, which was a direct and proximate cause of the Data Breach;

d.  Misrepresenting that it would protect the privacy and confidentiality of Plaintiffs' and Class Members' Financial Information, including by implementing and maintaining reasonable security measures;

e.  Misrepresenting that it would comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs' and Class Members' Financial Information, including duties imposed by the FTC Act, 15 U.S.C. § 45;

f.  Omitting, suppressing, and concealing the material fact that it did not reasonably or adequately secure Plaintiffs' and Class Members' Financial Information; and

g.  Omitting, suppressing, and concealing the material fact that it did not comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs' and Class Members' Financial Information, including duties imposed by the FTC Act, 15 U.S.C. § 45.

74.  Wawa's representations and omissions were material because they were likely to deceive reasonable consumers about the adequacy of Wawa's data security and ability to protect the confidentiality of consumers' Personal Information.

75.  Wawa intended to mislead Plaintiffs and Class Members and induce them to rely on its misrepresentations and omissions.

76.  The above unfair and deceptive practices and acts by Wawa were immoral, unethical, oppressive, and unscrupulous. These acts caused substantial injury to Plaintiffs and Class Members that they could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

77.  Wawa acted intentionally, knowingly, and maliciously to violate the District of Columbia's Consumer Protection Procedures Act, and recklessly disregarded Plaintiffs' and Class Members' rights.

78.  As a direct and proximate result of Wawa's unfair, unlawful, and deceptive trade practices, Plaintiffs and Class Members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including loss of the benefit of their bargain with Wawa as they would not have paid Wawa for goods and services or would have paid less for such goods and services but for Wawa's violations alleged herein; losses from fraud and identity theft; costs for credit monitoring and identity protection services; time and expenses related to monitoring their financial accounts for fraudulent activity;

time and money spent cancelling and replacing passports; loss of value of their Financial

Information; and an increased, imminent risk of fraud and identity theft.

79.     Plaintiffs and Class Members seek all monetary and non-monetary relief allowed

by law, including actual damages, restitution, injunctive relief, punitive damages, attorneys' fees

and costs, the greater of treble damages or $1,500 per violation, and any other relief that the

Court deems proper.

**SIXTH COUNT**
**Violation of the Florida Deceptive and Unfair Trade Practices Act,**
**§ 501.201 et seq., Fla. Stat. ("FDUTPA")**

80.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully

set forth herein.

81.     Plaintiffs are "consumers" who purchased goods from Wawa. *See* § 501.203(7),

Fla. Stat.

82.     The FDUTPA prohibits "unfair methods of competition, unconscionable acts or

practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." §

501.204, Fla. Stat.

83.     Wawa, by failing to inform consumers (including Plaintiffs and Class Members)

of its unsecure, non-compliant, and otherwise insufficient data and information security

practices, advertised, sold, serviced, and otherwise induced those consumers to purchase goods

and services from Wawa.

84.     Wawa knew or should have known that its computer systems and data security

practices were inadequate to safeguard Plaintiffs' and Class Members' Financial Information,

and that the risk of a data breach was highly likely.

85.     Wawa should have disclosed this information regarding its computer systems and data security practices because Wawa was in a superior position to know the facts related to its defective data security.

86.     Florida law requires notification of data breaches upon identification. Wawa identified the Data Breach no later than July 19, 2019, but only notified consumers on July 29, 2019, and therefore left those consumers at risk for the period in between discovery and notification.

87.     Wawa's failures constitute false and misleading representations, which have the capacity, tendency, and effect of deceiving or misleading consumers (including Plaintiffs and Class Members) regarding the security of its network and aggregation of Financial Information.

88.     The representations upon which consumers (including Plaintiffs and Class Members) relied were material representations (*e.g.*, as to Wawa's adequate protection of Financial Information), and consumers (including Plaintiffs and Class Members) relied on those representations to their detriment.

89.     Wawa employed these false representations to promote the sale of a consumer good or service, which Plaintiffs and Class Members purchased.

90.     As a direct and proximate result of Wawa's unconscionable, unfair, and deceptive acts or practices, Plaintiffs and Class Members have suffered and will continue to suffer injury and/or harm, including, but not limited to, anxiety, emotional distress, loss of privacy, and damages as prescribed by § 501.211(2), Fla. Stat., including attorneys' fees.

**SEVENTH COUNT**
**Violation of the Pennsylvania Unfair Trade Practices And Consumer Protection
Law, 73 Pa. Cons. Stat. §§ 201-2 & 201-3, et seq.**

91.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully
set forth herein.

92.     Wawa is a "person", as defined by 73 Pa. Cons. Stat. § 201-2(2).

93.     Plaintiffs and Class Members purchased goods and services in "trade" and
"commerce," as defined by 73 Pa. Cons. Stat. § 201-2(3), primarily for personal, family, and/or
household purposes.

94.     Wawa engaged in unfair methods of competition and unfair or deceptive acts or
practices in the conduct of its trade and commerce in violation of 73 Pa. Cons. Stat. Ann. § 201-
3, including:

    a.   Representing that its goods and services have characteristics, uses, benefits, and
qualities that they do not have (73 Pa. Stat. Ann. § 201-2(4)(v));

    b.   Representing that its goods and services are of a particular standard or quality if
they are another (73 Pa. Stat. Ann. § 201-2(4)(vii)); and

    c.   Advertising its goods and services with intent not to sell them as advertised (73
Pa. Stat. Ann. § 201-2(4)(ix)).

95.     Wawa's unfair or deceptive acts and practices include:

    a.   Failing to implement and maintain reasonable security and privacy measures to
protect Plaintiffs' and Class Members' Financial Information, which was a direct
and proximate cause of the Data Breach;

    b.   Failing to identify foreseeable security and privacy risks, remediate identified
security and privacy risks, and adequately improve security and privacy measures

following previous cybersecurity incidents, which was a direct and proximate cause of the Data Breach;

c. Failing to comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs' and Class Members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45;

d. Misrepresenting that it would protect the privacy and confidentiality of Plaintiffs' and Class Members' Personal Information, including by implementing and maintaining reasonable security measures and ensuring their vendors and business associates maintained reasonable security measures;

e. Misrepresenting that it would comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs' and Class Members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45;

f. Omitting, suppressing, and concealing the material fact that it did not reasonably or adequately secure Plaintiffs' and Class Members' Financial Information or ensure its vendors and business associates reasonably or adequately secured such information; and

g. Omitting, suppressing, and concealing the material fact that it did not comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs' and Class Members' Financial Information, including duties imposed by the FTC Act, 15 U.S.C. § 45.

96. Wawa's representations and omissions were material because they were likely to deceive reasonable consumers about the adequacy of its data security and ability to protect the confidentiality of consumers' Financial Information.

97.     Wawa intended to mislead Plaintiffs and Class Members and induce them to rely on its misrepresentations and omissions.

98.     Had Wawa disclosed to Plaintiffs and Class Members that its data systems were not secure and, thus, vulnerable to attack, Wawa would have been forced to use vendors and business associates with reasonable data security measures and comply with the law. Instead, Wawa received, maintained, and compiled Plaintiffs' and Class Members' Financial Information as part of the services it provided without advising Plaintiffs and Class Members that its data security practices were insufficient to maintain the safety and confidentiality of Plaintiffs' and Class Members' Personal Information. Accordingly, Plaintiffs and Class Members acted reasonably in relying on Wawa's misrepresentations and omissions, the truth of which they could not have discovered.

99.     Wawa acted intentionally, knowingly, and maliciously to violate Pennsylvania Unfair Trade Practices and Consumer Protection Law, and recklessly disregarded Plaintiffs' and Class Members' rights.

100.    As a direct and proximate result of Wawa's unfair methods of competition and unfair or deceptive acts or practices and Plaintiffs' and Class Members' reliance on them, Plaintiffs and Class Members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages; losses from fraud and identity theft; costs for credit monitoring and identity protection services; time and expenses related to monitoring their financial accounts for fraudulent activity; loss of value of their Financial Information; and an increased, imminent risk of fraud and identity theft.

101.    Plaintiffs and Class Members seek all monetary and non-monetary relief allowed by law, including actual damages or statutory damages of $100 (whichever is greater), treble

damages, restitution, attorneys' fees and costs, and any additional relief the Court deems necessary or proper.

## EIGHTH COUNT
### Violation of the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1, et seq.

102.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

103.    The New Jersey Consumer Fraud Act (the "NJCFA"), N.J.S.A. § 56:8-1, et seq., prohibits the act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression or omission, in connection with the sale or advertisement of any merchandise.  The NJCFA applies whether or not any person has in fact been misled, deceived or damaged thereby. N.J.S.A.§ 56:8-2.

104.    Plaintiffs, Wawa, and Class Members are "persons" within the meaning of N.J.S.A. § 56:8-1(d).

105.    Wawa sells "merchandise," as defined by N.J.S.A. § 56:8-1, by offering convenience store goods and services to the public.

106.    Wawa, operating in New Jersey, engaged in unconscionable and deceptive acts and practices, misrepresentation, and the concealment, suppression, and omission of material facts with respect to the sale and advertisement of convenience store goods and services in violation of N.J.S.A. § 56:8-2, including but not limited to the following:

        a.    Misrepresenting material facts, pertaining to the sale of convenience store goods and services, to Plaintiffs and Class Members by representing that it would maintain adequate data security practices and procedures to safeguard Plaintiffs'

and Class Members' Financial Information from unauthorized disclosure, release, data breaches, and theft;

b. Misrepresenting material facts, pertaining to the sale of convenience store goods and services, to Plaintiffs and Class Members by representing that it did and would comply with the requirements of relevant federal and state laws pertaining to the privacy and security of Plaintiffs' and Class Members' Financial Information;

c. Knowingly omitting, suppressing, and concealing the material fact of the inadequacy of the privacy and security protections for Plaintiffs' and Class Members' Financial Information with the intent that Plaintiffs and Class Members rely on the omission, suppression, and concealment;

d. Engaging in unconscionable and deceptive acts and practices with respect to the sale of convenience store goods and services by failing to adequately monitor and audit the data security systems of its vendors and business associates and failing to maintain the privacy and security of Plaintiffs and Class Members in violation of duties imposed by and public policies reflected in the FTC Act;

e. Engaging in unconscionable and deceptive acts and practices by failing to disclose the Data Breach to Plaintiffs and Class Members in a timely and accurate manner in violation of N.J.S.A. § 56:8-163;

f. Advertising Wawa's goods and services with the intent not to sell it as advertised – i.e., with worse data security than advertised; and

g.   Representing on its website that it is "is fully committed to data security" when, in fact, Wawa failed to safeguard customers' information by relying on deficient data security protection.

107.   The above unlawful and deceptive acts and practices by Wawa were immoral, unethical, oppressive, and unscrupulous. These acts caused substantial injury to consumers that the consumers could not reasonably avoid. This substantial injury outweighed any benefits to consumers or to competition.

108.   Wawa knew or should have known that its data security practices were inadequate to safeguard Plaintiffs' and Class Members' Financial Information and that the risk of a data breach was highly likely. Wawa's actions in engaging in the above-listed unfair practices and deceptive acts were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of Plaintiffs and Class Members.

109.   Plaintiffs and Class Members reasonably expected that Wawa would protect their Financial Information and reasonably expected that Wawa would provide truthful statements on its website and privacy policies, and that it would be safe to provide Wawa with their information.  These representations and affirmations of fact made by Wawa, and the facts it concealed or failed to disclose, are material facts that were likely to deceive reasonable consumers, and that reasonable consumers would, and did, rely upon in deciding whether or not to provide their information to Wawa.  Wawa, moreover, intended for consumers, including Plaintiffs and Class Members, to rely on these material facts.

110.   As a direct and proximate result of Wawa's unconscionable and deceptive acts and practices, Plaintiffs and Class Members suffered an ascertainable loss in moneys or property,

real or personal, as described above, including the loss of their legally protected interest in the confidentiality and privacy of their Financial Information.

111.    Plaintiffs and Class Members seek relief under N.J.S.A. § 56:8-19, including but not limited to, injunctive relief, other equitable relief, actual damages, treble damages, and attorneys' fees and costs.

## NINTH COUNT
**Violation of the New Jersey Customer Security Breach Disclosure Act, N.J.S.A. §§ 56:8-163, et seq.**

112.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

113.    Wawa is a business that conducts business in New Jersey under N.J.S.A. § 56:8-163(a).

114.    Plaintiffs' and Class Members' Financial Information includes personal information covered under N.J.S.A. §§ 56:8-163, et seq.

115.    Under N.J.S.A. § 56:8-163(a), "[a]ny business that conducts business in New Jersey. . . shall disclose any breach of security of [] computerized records following discovery or notification of the breach to any customer who is a resident of New Jersey whose personal information was, or is reasonably believed to have been, accessed by an unauthorized person."

116.    Because Wawa discovered a breach of its security system involving the Financial Information of Plaintiffs and Class Members, in which such Financial Information was, or is reasonably believed to have been, acquired by an unauthorized person, and the Financial Information was not secured, Wawa had an obligation to disclose the Data Breach in a timely and accurate fashion as mandated under N.J.S.A. §§ 56:8-163, et seq.

117.    By failing to disclose the Data Breach in a timely and accurate manner, Wawa violated N.J.S.A. § 56:8-163(a).

118.    As a direct and proximate result of Wawa's violations of N.J.S.A. § 56:8-163(a), Plaintiffs and Class Members suffered the damages described above.

119.    Plaintiffs and Class Members seek relief under N.J.S.A. § 56:8-19, including treble damages, attorneys' fees and costs, and injunctive relief.

**<u>TENTH COUNT</u>**
**Violation of the Delaware Computer Security Breach Act, 6 Del. Code Ann. §§ 12B-102, et seq.**

120.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

121.    Wawa is a business that owns or licenses computerized data that includes Personal Information as defined by 6 Del. Code Ann. § 12B-102(a).

122.    Plaintiffs' and Class Members' Financial Information includes Personal Information as defined by 6 Del. Code Ann. § 12B-101(4).

123.    Wawa is required to accurately notify Plaintiffs and Class Members if Wawa becomes aware of a breach of its data security systems which is reasonably likely to result in the misuse of a Delaware resident's Personal Information, in the most expedient time possible and without unreasonable delay under 6 Del. Code Ann. § 12B-102(a).

124.    Because Wawa was aware of a breach of its security system which involved the Personal Information of Plaintiffs and Class Members which is reasonably likely to result in misuse of Delaware residents' Personal Information, Wawa had an obligation to disclose the data breach in a timely and accurate fashion as mandated by 6 Del. Code Ann. § 12B-102(a).

125.     By failing to disclose the Data Breach in a timely and accurate manner, Wawa violated 6 Del. Code Ann. § 12B-102(a).

126.     As a direct and proximate result of Wawa's violations of 6 Del. Code Ann. § 12B-102(a), Plaintiffs and Class Members suffered damages, as described above.

127.     Plaintiffs and Class Members seek relief under 6 Del. Code Ann. § 12B-104, including actual damages and equitable relief.

<u>**ELEVENTH COUNT**</u>
**Violation of the Delaware Consumer Fraud Act, 6 Del. Code §§ 2513, et seq.**

128.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

129.     Wawa is a "person" that is involved in the "sale" of "merchandise," as defined by 6 Del. Code § 2511(7), (8), and (6).

130.     Wawa advertised, offered, or sold goods or services in Delaware and engaged in trade or commerce directly or indirectly affecting the people of Delaware.

131.     Wawa used and employed deception, fraud, false pretense, false promise, misrepresentation, and the concealment, suppression, and omission of material facts with intent that others rely upon such concealment, suppression and omission, in connection with the sale and advertisement of merchandise, in violation of 6 Del. Code § 2513(a), including:

   a.   Failing to implement and maintain reasonable security and privacy measures to protect Plaintiffs' and Class Members' Financial Information, which was a direct and proximate cause of the Data Breach;

   b.   Failing to identify foreseeable security and privacy risks and remediate identified security and privacy risks, which was a direct and proximate cause of the Data Breach;

c. Failing to comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Class Members' Financial Information, including duties imposed by the FTC Act, 15 U.S.C. § 45, and Delaware's data security statute, 6 Del. Code § 12B-100, which was a direct and proximate cause of the Data Breach;

d. Misrepresenting that it would protect the privacy and confidentiality of Plaintiffs and Class Members' Financial Information, including by implementing and maintaining reasonable security measures;

e. Misrepresenting that it would comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs' and Class Members' Financial Information, including duties imposed by the FTC Act, 15 U.S.C. § 45, and Delaware's data security statute, 6 Del. Code § 12B-100;

f. Omitting, suppressing, and concealing the material fact that it did not reasonably or adequately secure Plaintiffs' and Class Members' Financial Information or ensure its vendors and business associates reasonably or adequately secured such information; and

g. Omitting, suppressing, and concealing the material fact that it did not comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs' and Class Members' Financial Information, including duties imposed by the FTC Act, 15 U.S.C. § 45, and Delaware's data security statute, 6 Del. Code § 12B-100.

132.    Wawa's representations and omissions were material because they were likely to deceive reasonable consumers about the adequacy of its data security and ability to protect the confidentiality of consumers' Financial Information.

133.    Wawa acted intentionally, knowingly, and maliciously to violate Delaware's Consumer Fraud Act, and recklessly disregarded Plaintiffs' and Class Members' rights.

134.    Had Wawa disclosed to Plaintiffs and Class Members that its data systems were not secure and, thus, vulnerable to attack, Wawa would have been forced to use vendors and business associates with reasonable data security measures and comply with the law. Instead, Wawa received, maintained, and compiled Plaintiffs' and Class Members' Financial Information as part of the services it provided without advising Plaintiffs and Class Members that its data security practices were insufficient to maintain the safety and confidentiality of Plaintiffs' and Class Members' Financial Information. Accordingly, Plaintiffs and Class Members acted reasonably in relying on Wawa's misrepresentations and omissions, the truth of which they could not have discovered.

135.    Wawa's unlawful trade practices were gross, oppressive, and aggravated, and Wawa breached the trust of Plaintiffs and Class Members.

136.    As a direct and proximate result of Wawa's unlawful acts and practices, Plaintiffs and Class Members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including losses from fraud and identity theft; costs for credit monitoring and identity protection services; time and expenses related to monitoring their financial accounts for fraudulent activity; loss of value of their Financial Information; and an increased, imminent risk of fraud and identity theft.

137.    Plaintiffs and Class Members seek all monetary and non-monetary relief allowed by law, including damages under 6 Del. Code § 2525 for injury resulting from the direct and natural consequences of Wawa's unlawful conduct; restitution; injunctive relief; and reasonable attorneys' fees and costs.

## <u>TWELFTH COUNT</u>
### Violation of the Maryland Consumer Protection Act, Md. Code Ann. Com. Law § 13-101, et seq.

138.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

139.    Wawa is a person as defined by Md. Code, Com Law § 13-101(h).

140.    Wawa's conduct as alleged herein related to "sales," "offers for sale," or "bailment" as defined by Md. Code, Com. Law § 13-101(i) and § 13-303.

141.    Class Members are "consumers" as defined by Md. Code, Com. Law § 13-101(c).

142.    Wawa advertises, offers, or sell "consumer goods" or "consumer services" as defined by Md. Code, Com. Law § 13-101(d).

143.    Wawa advertised, offered, or sold goods or services in Maryland and engaged in trade or commerce directly or indirectly affecting the people of Maryland.

144.    Wawa engaged in unfair and deceptive trade practices, in violation of Md. Code, Com. Law § 13-301, including:

   a.   False or misleading oral or written representations that have the capacity, tendency, or effect of deceiving or misleading consumers, Md. Code, Com. Law § 13-301(1);

   b.   Representing that consumer goods or services have a characteristic that they do not have, Md. Code, Com. Law § 13-301(2)(i);;

29

    c.    Representing that consumer goods or services are of a particular standard, quality, or grade that they are not, Md. Code, Com. Law § 13-301(2)(iv);

    d.    Failing to state a material fact where the failure deceives or tends to deceive, Md. Code, Com. Law § 13-301(3);

    e.    Advertising or offering consumer goods or services without intent to sell, lease, or rent them as advertised or offered, Md. Code, Com. Law § 13-301(5);

    f.    Deception, fraud, false pretense, false premise, misrepresentation, or knowing concealment, suppression, or omission of any material fact with the intent that a consumer rely on the same in connection with the promotion or sale of consumer goods or services or the subsequent performance with respect to an agreement, sale lease or rental, Md. Code, Com. Law § 13-301(9).

145.    Wawa engaged in these unfair and deceptive trade practices in connection with offering for sale or selling consumer goods or services in violation of Md. Code, Com Law § 13-303, including:

    a.    Failing to implement and maintain reasonable security and privacy measures to protect Plaintiffs' and Class Members' Financial Information, which was a direct and proximate cause of the Data Breach;

    b.    Failing to identify foreseeable security and privacy risks, remediate identified security and privacy risks, which was a direct and proximate cause of the Data Breach;

    c.    Failing to comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs' and Class Members' Financial Information, including duties imposed by the FTC Act, 15 U.S.C. § 45, and the Maryland Personal

Information Protection Act, Md. Code, Com. Law § 14-3503, which was a direct and proximate cause of the Data Breach;

d.  Misrepresenting that it would protect the privacy and confidentiality of Plaintiffs' and Class Members' Financial Information, including by implementing and maintaining reasonable security measures;

e.  Misrepresenting that it would comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs' and Class Members' Financial Information, including duties imposed by the FTC Act, 15 U.S.C. § 45, and the Maryland Personal Information Protection Act, Md. Code, Com. Law § 14-3503;

f.  Omitting, suppressing, and concealing the material fact that it did not reasonably or adequately secure Plaintiffs' and Class Members' Financial Information; and

g.  Omitting, suppressing, and concealing the material fact that it did not comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs' and Class Members' Financial Information, including duties imposed by the FTC Act, 15 U.S.C. § 45, and the Maryland Personal Information Protection Act, Md. Code, Com. Law § 14-3503.

146.    Wawa's representations and omissions were material because they were likely to deceive reasonable consumers about the adequacy of Wawa's data security and ability to protect the confidentiality of consumers' Financial Information. Wawa's misrepresentations and omissions would have been important to a significant number of consumers in making financial decisions.

147.    Wawa intended to mislead Plaintiffs and Class Members and induce them to rely on its misrepresentations and omissions.

148.    Had Wawa disclosed to Plaintiffs and Class Members that its data systems were not secure and, thus, vulnerable to attack, Wawa would have been forced to adopt reasonable data security measures and comply with the law. Instead, Wawa received, maintained, and compiled Plaintiffs' and Class Members' Financial Information as part of the services Wawa provided without advising Plaintiffs and Class Members that its data security practices were insufficient to maintain the safety and confidentiality of Plaintiffs' and Class Members' Financial Information. Accordingly, Plaintiffs and the Class Members acted reasonably in relying on Wawa's misrepresentations and omissions, the truth of which they could not have discovered.

149.    Wawa acted intentionally, knowingly, and maliciously to violate Maryland's Consumer Protection Act, and recklessly disregarded Plaintiffs' and Class Members' rights.

150.    As a direct and proximate result of Wawa's unfair and deceptive acts and practices, Plaintiffs and Class Members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including losses from fraud and identity theft; costs for credit monitoring and identity protection services; time and expenses related to monitoring their financial accounts for fraudulent activity; time and money spent cancelling and replacing passports; loss of value of their Financial Information; and an increased, imminent risk of fraud and identity theft.

151.    Plaintiffs and Class Members seek all monetary and non-monetary relief allowed by law, including damages, restitution, disgorgement, injunctive relief, and attorneys' fees and costs.

## THIRTEENTH COUNT
### Violation of the Maryland Personal Information Protection Act, Md. Comm. Code §§ 14-3501, et seq.

152.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

153.     Under Md. Comm. Code § 14-3503(a), "[t]o protect Personal Information from unauthorized access, use, modification, or disclosure, a business that owns or licenses Personal Information of an individual residing in the State shall implement and maintain reasonable security procedures and practices that are appropriate to the nature of Personal Information owned or licensed and the nature and size of the business and its operations."

154.     Wawa is a business that owns or licenses computerized data that includes Personal Information as defined by Md. Comm. Code §§ 14-3501(b)(1) and (2).

155.     Plaintiffs and Class Members are "individuals" and "customers" as defined and covered by Md. Comm. Code §§ 14-3502(a) and 14-3503.

156.     Plaintiffs' and Class Members' Financial Information includes Personal Information as defined by Md. Comm. Code § 14-3501(d).

157.     Wawa did not maintain reasonable security procedures and practices appropriate to the nature of the Personal Information owned or licensed and the nature and size of its business and operations in violation of Md. Comm. Code § 14-3503.

158.     The Data Breach was a "breach of the security of a system" as defined by Md. Comm. Code § 14-3504(1).

159.     Under Md. Comm. Code § 14-3504(b)(1), "[a] business that owns or licenses computerized data that includes Personal Information of an individual residing in the State, when it discovers or is notified of a breach of the security system, shall conduct in good faith a

reasonable and prompt investigation to determine the likelihood that Personal Information of the individual has been or will be misused as a result of the breach."

160.    Under Md. Comm. Code §§ 14-3504(b)(2) and 14-3504(c)(2), "[i]f, after the investigation is concluded, the business determines that misuse of the individual's Personal Information has occurred or is reasonably likely to occur as a result of a breach of the security system, the business shall notify the individual of the breach" and that notification "shall be given as soon as reasonably practical after the business discovers or is notified of the breach of a security system."

161.    Because Wawa discovered a security breach and had notice of a security breach, Wawa had an obligation to disclose the Data Breach in a timely and accurate fashion as mandated by Md. Comm. Code §§ 14-3504(b)(2) and 14-3504(c)(2).

162.    By failing to disclose the Data Breach in a timely and accurate manner, Wawa violated Md. Comm. Code §§ 14-3504(b)(2) and 14-3504(c)(2).

163.    As a direct and proximate result of Wawa's violations of Md. Comm. Code §§ 14-3504(b)(2) and 14-3504(c)(2), Plaintiffs and Class Members suffered damages, as described above.

164.    Pursuant to Md. Comm. Code § 14-3508, Wawa's violations of Md. Comm. Code §§ 14-3504(b)(2) and 14-3504(c)(2) are unfair or deceptive trade practices within the meaning of the Maryland Consumer Protection Act, 13 Md. Comm. Code §§ 13-101 et seq. and subject to the enforcement and penalty provisions contained within the Maryland Consumer Protection Act.

165.    Plaintiffs and Class Members seek relief under Md. Comm. Code §13-408, including actual damages and attorney's fees.

## FOURTEENTH COUNT
### Violation of the Virginia Personal Information Breach Notification Act, Va. Code. Ann. §§ 18.2-186.6, et seq.

166.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

167.    Wawa is required to accurately notify Plaintiffs and Class Members following discovery or notification of a breach of its data security system if unencrypted or unredacted Financial Information was or is reasonably believed to have been accessed and acquired by an unauthorized person who will, or it is reasonably believed who will, engage in identify theft or another fraud, without unreasonable delay under Va. Code Ann. § 18.2-186.6(B).

168.    Wawa is each an entity that owns or licenses computerized data that includes Personal Information as defined by Va. Code Ann. § 18.2-186.6(B).

169.    Plaintiffs' and Class Members' Financial Information includes Personal Information as defined by Va. Code Ann. § 18.2-186.6(A).

170.    Because Wawa discovered a breach of its security system involving the Financial Information of Plaintiffs and Class Members that Wawa stored, in which unencrypted or unredacted Personal Information was or is reasonably believed to have been accessed and acquired by an unauthorized person, who will, or it is reasonably believed who will, engage in identify theft or another fraud, Wawa had an obligation to disclose the Data Breach in a timely and accurate fashion as mandated by Va. Code Ann. § 18.2-186.6(B).

171.    By failing to disclose the Data Breach in a timely and accurate manner, Wawa violated Va. Code Ann. § 18.2-186.6(B).

172.    As a direct and proximate result of Wawa's violations of Va. Code Ann. § 18.2-186.6(B), Plaintiffs and Class Members suffered damages, as described above.

173.    Plaintiffs and Class Members seek relief under Va. Code Ann. § 18.2-186.6(I), including actual damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and Class Members demand judgment as follows:

A.    That the Court certify this action as a class action, proper and maintainable pursuant to Rule 23 of the Federal Rules of Civil Procedure; declare that Plaintiffs are proper class representatives; and appoint Plaintiffs' Counsel as Class Counsel;

B.    That the Court grant permanent injunctive relief to prohibit Wawa from continuing to engage in the unlawful acts, omissions, and practices described herein;

C.    That the Court award Plaintiffs and Class Members compensatory, consequential, and general damages in an amount to be determined at trial;

D.    That the Court order disgorgement and restitution of all earnings, profits, compensation, and benefits received by Wawa as a result of its unlawful acts, omissions, and practices;

E.    That the Court award statutory damages, trebled, and punitive or exemplary damages, to the extent permitted by law;

F.    That Plaintiffs be granted the declaratory relief sought herein;

G.    That the Court award to Plaintiffs the costs and disbursements of the action, along with reasonable attorneys' fees, costs, and expenses;

H.    That the Court award pre- and post-judgment interest at the maximum legal rate; and

I.    That the Court grant all such other relief as it deems just and proper.

36

**JURY TRIAL DEMANDED**

Plaintiffs, on behalf of themselves and others similarly situated, hereby request a jury

trial, pursuant to Federal Rule of Civil Procedure 38, on any and all claims so triable.


Dated:  December 23, 2019                                Respectfully submitted,


                                                        Linda P. Nussbaum
                                                        Bart D. Cohen (PA 57606)
                                                        James Perelman (PA 318456)
                                                        NUSSBAUM LAW GROUP, P.C.
                                                        1211 Avenue of the Americas, 40th Floor
                                                        New York, NY 10036-8718
                                                        (917) 438-9102
                                                        lnussbaum@nussbaumpc.com
                                                        bcohen@nussbaumpc.com
                                                        jperelman@nussbaumpc.com

                                                        Michael E. Criden
                                                        Lindsey C. Grossman
                                                        CRIDEN & LOVE, P.A.
                                                        7301 SW 57th Court, Ste. 515
                                                        South Miami, FL 33143
                                                        (305) 357-9000
                                                        mcriden@cridenlove.com
                                                        lgrossman@cridenlove.com

                                                        *Counsel for Plaintiffs and the Proposed Class*

JS 44 (Rev 02/19)

# CIVIL COVER SHEET

**19   6076**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Alexis Mullen, Laura Angelo, and Jeffrey Baumann, on behalf of themselves and all others similarly situated (addresses on attachment) | Wawa, Inc. 260 W. Baltimore Pike, Wawa, PA 19063 |

**(b)** County of Residence of First Listed Plaintiff   Philadelphia, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Delaware, PA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Bart D. Cohen (PA 57606), Nussbaum Law Group, P C.
1211 Avenue of the Americas, 40th Floor
New York, NY 10036-8718, (917) 438-9102

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U S Government Plaintiff

☒ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U S Government Defendant

☒ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for  Nature of Suit Code Descriptions.

### CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

### REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
☐ 365 Personal Injury - Product Liability
☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☒ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
☐ 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 445 Amer w/Disabilities - Employment
☐ 446 Amer w/Disabilities - Other
☐ 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
☐ 463 Alien Detainee
☐ 510 Motions to Vacate Sentence
☐ 530 General
☐ 535 Death Penalty
**Other:**
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

### LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Management Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Employee Retirement Income Security Act

### IMMIGRATION
☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

### BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 835 Patent - Abbreviated New Drug Application
☐ 840 Trademark

### SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
☐ 870 Taxes (U S Plaintiff or Defendant)
☐ 871 IRS - Third Party 26 USC 7609

### OTHER STATUTES
☐ 375 False Claims Act
☐ 376 Qui Tam (31 USC 3729(a))
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 485 Telephone Consumer Protection Act
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/ Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Information Act
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U S Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
Class Action Fairness Act, 28 U.S.C § 1332(d)(2)

Brief description of cause
Injuries arising from a data breach that resulted in the disclosure of defendant's customers' financial information

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F R.Cv.P

**DEMAND $**

CHECK YES only if demanded in complaint
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*   JUDGE   Joel H Slomsky   DOCKET NUMBER   2.19-cv-06032

DATE   12/23/2019

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG JUDGE

DEC 23 2019

## Mullen v. Wawa, Inc. (E.D. Pa.) – Attachment to Civil Cover Sheet

Alexis Mullen
1119 Day Street
Philadelphia, PA 19125

Laura Angelo
4807 Pennington Court
Wilmington, DE 19808

Jeffrey Baumann
1648 Bridgewater Drive
Lake Mary, FL 32746

19-CV-6076

JHS

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ See attachment _____

Address of Defendant: __ __ __ Wawa, Inc., 260 W. Baltimore Pike, Wawa, PA 19063 __

Place of Accident, Incident or Transaction: _____ Wawa, PA _____

---

**RELATED CASE, IF ANY:**

Case Number: 2:19-cv-06032      Judge: Joel H. Slomsky      Date Terminated: _____

Civil cases are deemed related when **Yes** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☑    No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☑    No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐    No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐    No ☑

I certify that, to my knowledge, the within case ☑ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE 12/23/2019    _____ Must sign here    57606

*Attorney-at-Law / Pro Se Plaintiff*    *Attorney I D # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.   Federal Question Cases:**

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
*(Please specify)* _____

**B.   Diversity Jurisdiction Cases:**

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)* _____
☐ 7. Products Liability
☐ 8. Products Liability - Asbestos
☑ 9. All other Diversity Cases
*(Please specify)* _ Injury to property related to data breach

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __ Bart D. Cohen __, counsel of record or pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs.

☐ Relief other than monetary damages is sought.

DATE 12/23/2019    Sign here if applicable    57606

*Attorney-at-Law / Pro Se Plaintiff*    *Attorney I D # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F R.C.P 38

*Civ 609 (5/2018)*

**<ins>Mullen v. Wawa, Inc. (E.D. Pa.) - Attachment to Designation Form</ins>**

Alexis Mullen
1119 Day Street
Philadelphia, PA 19125

Laura Angelo
4807 Pennington Court
Wilmington, DE 19808

Jeffrey Baumann
1648 Bridgewater Drive
Lake Mary, FL 32746



# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Alexis Mullen, et al. | : | CIVIL ACTION |
| v. | : | |
| | : | **19** NO. **6076** |
| Wawa, Inc. | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos - Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( x )

(f) Standard Management -- Cases that do not fall into any one of the other tracks.  ( )

| | | |
|---|---|---|
| December 23, 2019 | Bart D. Cohen | Plaintiffs |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (917) 438-9198 | (212) 753-0396 | bcohen@nussbaumpc.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

DEC 23 2019